QUAIL *v.* COLE.

1. Mandamus—Appeal and Error—Final Judgment—Statutes.
   Review, if any, of order setting aside default and judgment, is
   by mandamus and not by appeal; there being no final judg-
   ment, statute providing for issuance of writ of error, as of
   course, has no application (3 Comp. Laws 1929, § 15491).

2. Same—Effect of Court Rules Requiring Mandamus to be
   Termed Appeal.
   Court Rules Nos. 55 and 60 (1931), while requiring mandamus
   to be termed appeal, do not change law that it is original
   writ, and that it does not issue without application and allow-
   ance.

3. Same—Failure to Obtain Leave—Appeal Dismissed.
   Where leave to prosecute appeal in nature of mandamus was not
   obtained, but appeal is prosecuted as of right, appeal is dis-
   missed.

Appeal from Wayne; Kilpatrick (Arthur W.), J.
Submitted October 20, 1932. (Docket No. 154, Cal-
endar No. 36,716.) Decided December 6, 1932.

Assumpsit by J. Gilbert Quail against John W.
Cole for legal services. From order setting aside
default judgment for plaintiff, he appeals. Appeal
dismissed.

*Arthur Gloster,* for plaintiff.

Wiest, J. This is an appeal, prosecuted as of
right, by plaintiff, from an order setting aside a de-
fault and judgment.

The record shows that application by plaintiff
for leave to appeal was denied by this court. Re-
view, if any, is by mandamus and not by appeal.

Counsel invokes the statute, 3 Comp. Laws 1929, § 15491, and Court Rules Nos. 55 and 60 (1931). The statute relates to final judgments, and plaintiff has no judgment, but seeks direction, by this court, to have his judgment reinstated. The mentioned rules, while requiring mandamus to be termed an appeal, do not change the law that it is an original writ, and that it does not issue without application and allowance.

Leave to prosecute an appeal in the nature of mandamus was necessary and was not obtained. We, therefore, *sua sponte,* dismiss the appeal.

Defendant, not having filed a brief at the time this opinion was written, will not recover costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.